**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HARRY GORGE; DANIEL WILLIAMS;
THOMAS JONES; BILLY KNEE; GEORGE
MINOR; KENNETH MOORE; GEORGE
BLOOM; RONALD WOMICK; EMANUEL
ZIEGLER; JAMES CHANEY; STANLEY
JOHNSON; THOMAS WINGROVE; WILEY
SMITH; JEROME BRACEY; FRANK
MILESKY; DAVID PEARSON; HAVON
BIRCHEN; FRED DAHLKE; GEORGE
ERHARDT; RANDY GROVES; CHARLEY
PARKER; JOE COED; TIM CADY, Local
Union 182; WAYNE MITTELSTADT;
DOUG DAILY, Local Union 182; LOUIS
ALAVA; MOHAMMAD STIF; BARRY HIEN,
Local Union 182; TONY PETRELLI,
Local Union 182; NELSON CORTOS;

MICHAEL DOLAN; ROBERT ROSS, Local
Union 182; ERIC GOMEZ; BRUCE
SCHILLING, Local Union 182; PATRICK
HOLOHAN; ROGER VANSLYKE, Local
Union 182; ANTHONY KANCELER;
CALVIN BECKER, Local Union 687;
THOMAS J. KERSTEN; DAVE BURDICK,
Local Union 687; DALE MOSER, Local
Union 687; BRUCE KRAMER; WILLIAM
MCMANUS; VERNAL PARKS, Local
Union 687; RICHARD VERITY; DALE
REMINGTON, Local Union 687; PHIL
SMITH, Local Union 687; MICHAEL J.
CIRINCIONE; BILL KAUFMAN; STEVE
BALDES, Local Union 294; AL BISHOP,
Local Union 294; ROBERT LAXER;

No. 98-1022

BOS RABIDOUX; RICH KERR; JIM COOPER, Local Union 294; PAT MUSTERIA; JAMES FUDALA; DICK CORMIER, Local Union 294; GARY J. RIEHL; JOE RUSSO; JIM DE RUSSO, Local Union 294; RAYMOND L'HEUREUX; WILLIAM TERRIL; MICHAEL SANABRIA; DAN EAMES, Local Union 294; KEVIN SCOTT HARIS, Local Union 294; STEVEN HUBBARD; LES SELF; JOHN STEVENSON; DONALD TENNEY; FRANK KEARNEY, Local Union 294; ARTHUR HEBERT; MIKE LEMIEUX, Local Union 294; THOMAS BERGER; GEORGE MCGARRY, Local Union 294; ROBERT BOUWICH; ROMEO LEVESQUE; BOB HYDE; HANK MEAD, Local Union 294; DONALD GOSSELIN; GRAHAM JENKINS; DAVE CLAY; JAMES MILNE, Local Union 294; KEITH KONZEN; MARK IANUZZI; BILL MONTAGUE, Local Union 294; DENNIS MELLO; NORM MORRISSETTE, Local Union 294; WILLIAM LANDY; ROBERT REISER; JOHN NILES, Local Union 294; WILLIAM LEEK; WAYNE PECK, Local Union 294; EDWARD GILLIS; JOHN MONACO; GERRY NAPPI; MIKE SADDLER, Local Union 294; THOMAS FERRARO; RICHARD LENNERTON; JOHN D. OGRASS; LEN TAYLOR, Local Union 294; JOHN PATTON; DAMMON AMESBURY, Local Union 118; WILLIAM CUNHA; DAVID DEMONICO; JOHN SAMUALSEN; FRANK CUTAIAR, Local Union 118; ALBERTO SANTOS; ROBERT ENSMAN, Local Union 118; WILLIAM ALEY; BRUCE REID;

2

EVERETT SCHUMANN; ROBERT FLECK, Local Union 118; JOE VIRUCT; KENNETH GOUGH; PAUL FRITSCH, Local Union 118; WILLIAM WHITMAN; ROBERT LUONGO; JOE GALANTE, Local Union 118; WILLIAM BROCK; LINDA S. ARIAS; RUSSELL GOODENOUGH, Local Union 118; CLARK GRICIOUS, Local Union 118; JOHN R. BECK; JACK IVESTER; EDWARD NEWSOME; RAYMOND J. BITTMAN; JOHN KILEY, Local Union 118; JIM LING, Local Union 118; GLADSTONE BROWN; DAVE SAHRELE, Local Union 118; CHRIS FOWLER; ALEX RANKIN; TERRY SCHEINER, Local Union 118; GEORGE DAVIS; STUART F. ENDRESS; ROB CUNNINGHAM; JULIS SUMIZE, Local Union 118; GERALD JACOVELLI; JOHN AYLWARD; STEVE THAYER, Local Union 118; RONALD WHEELER; BOB TOURVILLE, Local Union 118; MIKE ERELLI; SAM AMICO, Local Union 375; RICK FRANSON; DON BARTON, Local Union 375; TOM GIORDANO; JIM BELL, Local Union 375; PAUL LEAVITT; CHRIS BENNETT, Local Union 375; THEODORE CARR; TONY BETTI, Local Union 375; RICHARD MARTIN; KEITH BLOUNT, Local Union 375; JOHN WASHWELL; TOM BOBAK, Local Union 375; HERMAN SCHARK; CHARLES DAVIS, Local Union 375; PAUL BOYLE; JOHN GREENWOOD; RICH DEPCZYNSKI, Local Union 375; SAM CHIASSON; RICHARD

3

DUBICK, Local Union 375; JAMES ERNEWEIN, Local Union 375; DAVE HOWLAND; CHARLES BATES; RAY GERWITZ, Local Union 375; PAUL BELAIR; PAUL GOLAB, Local Union 375; PAUL VALOIS; DAVID GOOD, Local Union 375; MIKE GRAZER, Local Union 375; HAL TYREE; BOB HARRINGTON, Local Union 375; DON HERZOG; JOHN HASLAM, Local Union 375; FRED CRABBE; PRENTICE HINTON, Local Union 375; EDDIE CASSADY; ROBERT TRAVERS; LARRY HYMAN, Local Union 375; ROBERT VOLLMAR; JAMES BEHAN; THOMAS AULENBACH; BOB JUREK, Local Union 375; KEARNEY, LOCAl Union 375; PHIL MALOUIN; BOB KOCH, Local Union 375; THOMAS FORDHAM; HOBAN SANDFORD JR.; JOSEPH DEFALCO; SAM LEONE, Local Union 375; PETE LOSTRACCO, Local Union 375; FRANCIS J. MULCAHEY; NICK SINOTTE; FRED MCCUBBIN, Local Union 375; WAYNE MILLER, Local Union 375; MAURICE DONINI; MIKE MOGAVERO, Local Union 375; EDWARD ALEXANDROVICH; JOSEPH JOHNSON; ROLAND DUQUETTE; LARRY NOONAN, Local Union 375; LEE PELCZNSKI, Local Union 375; RICHARD KUPSELATIS; DARYL LEJEUNE; TOM PHILLIPS, Local Union 375; ROCCO NOTARANGELO; DON PIATEK, Local Union 375; PAUL STARON; PETER STARON; SAM PINTO, Local Union 375; WILLIAM RITCHIE; PETE SCHREIBER,

4

Local Union 375; ROBERT MCLEOD; ROBERT SMITH; SAM SCIUMECA, Local Union 375; BOB SLIWANSKI, Local Union 375; AL CLARKSON; TOM TEREBEEL; GEORGE URBINO, Local Union 375; RAY YAW, Local Union 375; TERRY MCALLISTER; BILL SEIFER; ARNOLD BUTTON, Local Union 649; FRANCIS MULCAHEY; JIM HUNTER, Local Union 649; MARK MULCAHEY; EUGENE LAWRENCE, Local Union 649; TOM FORDHAM; DOUG LENT, Local Union 649; JEFF PIERCE, Local Union 649; HOBAN SANFORD; CRAWFORD CAREY; DAVE RACKETT, Local Union 649; JOHN HOPKINS; JOHN B. HART; BOB WAKEMAN, Local Union 649; MIKE HINES; JACK ALVERSON, Local Union 317; WALTER C. ALGER, JR., Local Union 317; STEVE KINDLE; JOSEPH FERENZI; RONALD J. BARNES, Local Union 317; RAY DEMARTNO; ALBERT D. BUSH, Local Union 317; JOHN DEPOTO; ANDREW MONTGOMERY; ROGER W. COSTANZO, Local Union 317; RAY W. COLE, Local Union 317; JOSEPH M. HART; JAMES OBEREMBT; DAVID R. FARRANCE, SR., Local Union 317; LEO FULLER, Local Union 317; TERRY D. GEBMAN, Local Union 317; TED LAND; JAMES GEORGES, Local Union 317; EDWARD M. HENRY, Local Union 317; CHARLES B. HLADUN, Local Union 317; JOSEPH M. LAGUZZA,

5

Local Union 317; THOMAS G. LARMON, JR., Local Union 317; DONALD G. PALMER, Local Union 317; CARLOS J. VENTURA; TIMOTHY H. REED, Local Union 317; WILLIAM ARIAS; TOMASZ BOCHENSKI; GREGORZ BOCHENSKI; DARIUSZ DUDKIEWICZ; KEN EGAN; JOSEPH A. CAPUTO, JR.; THOMAS P. CIAPPIO; TONY KULISH; JIM LEDWITH; THOMAS MCGINLEY; MAUREEN MCLELLAN; ANGELA MELIBRUDA; LEE R. NUTT; JOE PENA; LAWRENCE RYAN; CHARLES A. SOJKA; JAME TRACEY; LORRAINE VENDOLA; WAYNE WEBB; GEORGE A. WOODS; GEORGE BRODBECK; DAVID FABIAN; BLACEY FARINA; GEORGE FIELD; HAROLD SAYNE; ROBERT VOLMAR; ROBERT BLANCHARD; WILLIAM DASKING; THOMAS DONOHUE; DONALD FALCO; CHARLES GRANT; GEORGE KNEER; ALFRED LAURIE; GERRY LEMORE; FRANK PACE; MICHAEL PAWLUKOWICZ; STANLEY ULIKOWSKI; MARTIN WALTERS; FRANK YAGER; JOHN YAPREM; ROBERTA BLOZEN; DANIEL BOYLE; MIKE BYRNES; CHRIS CALABRESE; FRANK DELUCA; WILLIAM EPPS; GREG GIROUX; FRANK GROELING; HAROLD HANSON; ALLAN B. JACOBSON; AUGUST KLEIN; JOHN E. LEWIS; PAUL MISERENDINO; MARTY O'NEILL; HENRY A. PELUSO; JOHN TOLERICO; HERBERT VROEGINDAY; ALLARD ATTMAN; RICHARD COLACICCO; RUDOLPH A.

6

ELMQUIST; MICHAEL FARRELLY; JAMES B. FINAN; GLENN A. GERBOUNKIA; GLENN GRAHAM; RICHARD HINTERSTEIN; EVAN HUGHES; JOHN KOCIBAN; MIKE LEWIS; JOHN S. MANDELA; PETER J. MORRISON; WILLIAM MURPHY; FRANK G. PAHEGHI; WILLIAM K. PARKER; WALTER S. PRZYBYLSKI; FRED QUARTUCCIO; MARK REED; JOSEPH G. STABILE; ANDREW E. STOLTZ; JOHN F. TIEDMANN; WILLIAM VOLK; GORDON WRIGHT; MIKE YAWKOWSKI; CATHY ESSIG; JAMES J. FLESCH; DAVID FRYER; ROBERT D. GROSINSKI; RONALD A. KRYSTOFLAK; PETER MICELI; JOSEPH MOTA; RICHARD MURRAY; ROSE ANN MUSTACHIO; PHILIP V. PECORA; TONY PERROLLI; THOMAS ROY; JAMES SINATRA; DONNA ZURITA; CHARLES D'ANGELO; DANIEL A. DELISA; STEPHEN GIBKI; ANTHONY J. GIGLIO; GEORGE HYDE; LINDA KELLY; JOHN A. KOCH; JAMEST. MCDYER; JAMES P. MEDLEY; PETER M. OZELAS, JR.; PERCY PETERMAN; ROBERT PHILLIPS; KEVIN PISCAL; EDWIN L. TERON; LUDWIG THEN; THOMAS P. BORCHERT; KENNETH EGAN; STEPHEN JOHN FINAN; JAMES KUHL; ANTHONY F. KURC; JOHN MARIANI; ROBERT W. SOEHL; GEORGE M. TERNINKO; KENNETH ZASTOCKI; FRANCIS FARRELL; WILLIAM REILLY; KEVIN RYDER; STUART NEEDLEMAN; DANIEL FEENEY; PAUL BENOIT; HERBERT MCALLISTER; MICHAEL ALLEN; RAYMOND MAKSUT;

7

GARY CORMIER; CARL DOUGHERTY; BILL MOORE; TOM BERNIER; TIMOTHY NILE; ART VEZINA; HARRY CLARK; ALEX F. KLEINER; JAMES J. LINDNER; WILLIAM H. COBB; MICHAEL BERNARD; WILLIAM F. MYCHAYLEW; CLYDE P. BEST; JOHN DOWSE; CHARLES J. HUNTER; JOSEPH W. VELEHOSKI; WILLARD T. MURRAY; THOMAS PRENDERGAST; DENNIS B. ZURAWSKI; WALTER SHEDLOCK; MICHAEL F. MURNIN; ROY L. FOLLWEILER; WALLACE D. WETHERHOLD; LEE A. MENGEL; LEE H. SCHAPPEL; DENNIS A. DOUGHERTY; DANIEL E. ZIOLKOWSKI; DAVID J. LEINBACK; THOMAS G. ROSKO; WILLIAM F. GATLING; PETER L. DONOVAN; PAUL A. DOUGLAS; EARL SHOOP; MARYTE WYE; ROBERT HELTEBRIDLE; KENNETH SMITH; WILLIAM TORELLA; CHARLES HERSH; RAY SPAGUE; DAVID HERBER; KENNETH SHUE; HAROLD KOCH; GORDON L. WAGNER; WILLIAM WHITE; HAROLD LYNN; LESTER MILLER; DALE FLOYD; STEPHEN HOBDAY; DAVE LAUDENSLAGER; ROBERT AUKAMP; LYNN KIMBLE; ROBERT SHERICK; DONALD NEIDERMYER; KENNETH SCHELLHAMER; PAUL AMBROSE, JR.; JESSE E. DIXON; RICHARD J. BACHMAN; WILLIAM KELLY; RICHARD LICHTENWALNER; SIDNEY M. GERMAN; RICHARD MOSER; LARRY

8

HALLMAN; DENNIS WANAMAKER; TERRY
SILFIES; JOE MUDLOCK; BOB
MAKARAVAGI,
Plaintiffs-Appellants,

v.

RONALD CAREY, General President of
the International Brotherhood of
Teamsters; DENNIS SKELTON, Vice-
President of the International
Brotherhood of Teamsters;
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS; LOCAL 557, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS; ABF
FREIGHT SYSTEM, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-96-813-H, CA-96-1120)

Argued: October 28, 1998

Decided: December 29, 1998

Before WILKINSON, Chief Judge, and LUTTIG and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Schiffer Kaufman, SCHULMAN & KAUFMAN,
L.L.C., Baltimore, Maryland, for Appellants. James Arthur McCall,

9

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Washington, D.C.; Joseph Edward Santucci, Jr., MORGAN, LEWIS & BOCKIUS, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** Steven K. Hoffman, JAMES & HOFFMAN, P.C., Washington, D.C.; Alissa A. Horvitz, Lisa J. Gitnik, MORGAN, LEWIS & BOCKIUS, L.L.P., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Trucking company employees, laid off or reduced in seniority as a result of a merger, sued their employer, their local union, and the International Brotherhood of Teamsters (IBT) and its officers. The employees charged that the method for calculating seniority in the merged corporation violated their collective bargaining agreement, and that the IBT, its officers, and its locals breached their duty of fair representation. The district court held that the seniority calculation was not inconsistent with the collective bargaining agreement and that the union's actions were not arbitrary. The court therefore granted summary judgment to all defendants on all of the employees' claims. We affirm.

I.

In the summer of 1995 Arkansas Best Corporation (ABC), corporate parent of Arkansas Best Freight System, Inc. (ABF), purchased the stock of Worldway Corporation, the parent of Carolina Freight Carriers Corporation and Red Arrow Freight Lines. ABC acquired Worldway's stock through a subsidiary and then merged Carolina Freight and Red Arrow into ABF. ABF, Carolina Freight, and Red Arrow were unionized trucking companies with a total of over 16,000 employees and 500 freight terminals in overlapping regions through-

10

out the United States. With the merger, ABF intended to close several terminals and to lay off a number of workers.

The employees of the three companies were members of local unions affiliated with the IBT. The IBT local unions and ABF, Red Arrow, and Carolina Freight were each signatories to the National Master Freight Agreement (NMFA), a collective bargaining agreement covering over 100,000 Teamsters in the trucking industry. The NMFA consists of thirty-nine master articles and a number of area supplemental agreements covering particular geographic regions.

The NMFA requires employers who combine their operations to obtain the approval of a Change of Operations Committee (the Committee) made up of an equal number of union and employer representatives. Consistent with this requirement, on September 14 and 15, 1995, ABF and the union convened a Committee and held hearings to consider the consolidation plan for the proposed merger. Approximately 160 local unions participated in the hearings.

Among the issues the Committee considered, and the primary issue in this case, was the seniority treatment of the consolidated workforce.[1] ABF and the union supported different plans. ABF suggested a hybrid plan designed to protect the jobs of current ABF employees. The plan proposed to dovetail only those Carolina Freight and Red Arrow employees into the ABF seniority list that were needed to do the additional work of the combined entity, while the remaining Carolina Freight and Red Arrow employees would be endtailed. The IBT, on the other hand, claimed that a straight dovetail would be fairest to all of its members. The local unions were split -- some supported a dovetail and some supported an endtail.

Local 557 represented employees of both ABF and Carolina Freight, and thus had members who favored each plan. Local 557

_____

[1] Two general methods are used for calculating employee seniority after a consolidation: a "dovetail," in which the seniority lists of the combining companies are merged and each employee's seniority is determined by his actual date of hire; and an "endtail," in which the seniority list of one company is tacked onto the end of the seniority list of the other.

11

handled this dilemma by declining to take a position, stating instead that "the issue of the endtail or the dovetail remains within the confines of the committee and we know your decision will be a fair one." Local 557's president also quoted language from his region's area supplement suggesting that a dovetail should apply in the case of a merger and an endtail should apply in the case of an acquisition.

After the hearings and several days of negotiations, on September 19, 1995, the Committee approved a uniform dovetail of all employees. The companies approved articles of merger, and ABF began operating using the dovetailed seniority lists. The consolidated company closed several terminals and laid off a number of employees.

After the merger several individuals, including Harry Gorge, a member of Local 557 and an ABF employee, filed unfair labor practice charges against ABF and IBT with the National Labor Relations Board (NLRB). The NLRB dismissed these claims.

The ABF employees also challenged the dovetail in grievances with the Committee. Upon consideration of one of the grievances the Committee declared that the September 19 decision was final and binding. The Committee denied that grievance and those of all similarly situated union members.

In February 1996 Gorge presented a grievance to a union-management committee for the Maryland/D.C. region. This committee determined that it lacked jurisdiction to review decisions of the Change of Operations Committee and dismissed the grievance.

Gorge and other members of Local 557 then filed suit against IBT, Local 557, ABF, and two IBT officers -- its president and vice-president, Ronald Carey and Dennis Skelton -- in the United States District Court for the District of Maryland. Gorge charged that ABF broke its collective bargaining agreement and that the IBT, its officers, and Local 557 violated their duty of fair representation under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA). Gorge sought back pay, money damages, and the imposition of an endtail. The Judicial Panel on Multidistrict Litigation transferred four similar suits to the District of Maryland, and the cases

12

were consolidated. After discovery the district court found for all defendants on cross-motions for summary judgment.

II.

Our review of the briefs and our consideration of the arguments of the parties have revealed that this appeal is without merit. Accordingly, we affirm the judgment of the district court for the reasons stated in that court's thorough opinion.

A.

With regard to the claims against the IBT, plaintiffs' principal argument is that the ABF consolidation was an acquisition, and that the area supplements therefore required an endtail of the seniority lists of the combining companies. In light of the language of the NMFA and its area supplements, however, the IBT's actions were reasonable.

The "Supplemental Agreements are subject to and controlled by the terms of this Master Agreement." NMFA art. 2,§ 2(a); see also, e.g., Md.-D.C. Supp. Agreement, preamble ("[The] Master Agreement shall prevail over the provisions of this Supplement in any case of conflict between the two . . . ."). The master agreement expressly authorizes a dovetail regardless of "whether the transaction is called a merger, purchase, acquisition, sale, etc." NMFA art. 5, § 2(a), (c). Moreover, when freight terminals are combined the Change of Operations Committee has final and binding authority to approve the consolidation plan, id. art. 5, § 2(b), art. 8, § 6(a), (d), and has the discretion to tailor the consolidation plan to the circumstances before it, id. art. 8, § 6(g).

Given this express endorsement of dovetailing and this broad grant of discretion to the Committee, nothing in the IBT's conduct was "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). Dovetailing "is a familiar and frequently equitable solution to the inevitably conflicting interests which arise in the wake of a merger or an absorption such as occurred here." Humphrey v. Moore, 375 U.S. 335, 347 (1964); see also Ekas v. Carling Nat'l Breweries, Inc., 602 F.2d 664, 667-68 (4th Cir. 1979). The IBT was

13

therefore not unreasonable in sanctioning a dovetail of the consolidated workforce. Moreover, even assuming that they are subject to the same duties as the IBT, the Committee and its union members likewise acted reasonably.**2**

Furthermore, as the district court found, the consolidation of the trucking companies was the result of the merger of ABF, Carolina Freight, and Red Arrow, not the result of an acquisition. The dovetail was therefore consistent even with the area supplements as interpreted by the plaintiffs and was not arbitrary.

B.

The resolution of plaintiffs' other claims flows directly from this discussion of their claims against the IBT. As to ABF, there was no breach of the collective bargaining agreement. As the district court noted, the company's adherence to the final decision of the Committee was not itself a breach. Moreover, ABF had no independent duty to deadlock the Change of Operations Committee to achieve a particular outcome.

As to the IBT officers, the district court appropriately found first, that they are not liable under the LMRA for money damages, see 29 U.S.C. § 185(b); Complete Auto Transit, Inc. v. Reis, 451 U.S. 401,

_____

**2** Although plaintiffs contend that the IBT violated its own constitution by allegedly ignoring the area supplements, the district court correctly dismissed this argument as without merit. First, the union's constitution does not affect the terms of this collective bargaining agreement. Second, as the district court found, the specific provision cited by the plaintiffs does not even apply to the seniority questions at issue in this case.

Plaintiffs additionally argue that the Change of Operations Committee's grievance procedure violated the union's duty of fair representation. Again assuming arguendo that the Committee is subject to this duty, its actions were reasonable. The Committee met, considered one grievance fully, and denied it and all similar grievances. As the district court found, this procedure was simply not "so far outside a wide range of reasonableness as to be irrational." Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991) (internal quotation marks omitted); see also Marquez v. Screen Actors Guild, Inc., 119 S. Ct. 292, 300 (1998).

14

415-17 (1981), and second, that no equitable relief would be effective or appropriate in these circumstances.

Finally, it was not arbitrary for Local 557 to decline to insist on an endtail. Not only does the contract expressly authorize a dovetail, there is also no evidence that a different approach on the part of Local 557 would have changed the decision of the Committee. Where a collective bargaining agreement "cover[s] a group or several groups of employees, the sole inquiry should be whether, under all the circumstances, the union has considered the interests of all whom it represents." Ekas, 602 F.2d at 667. Faced with a conflict among its own members, Local 557's neutral position was a reasonable one.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

15